WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Maisano,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County,<br><br>　　　　　Defendant. | No.  CV 14-1364-PHX-SMM (MHB)<br><br><br>**O R D E R** |

**I.    Background**

Plaintiff Dale Maisano, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has abused the legal process egregiously and often. He is subject to the three-strikes provision of the Prisoner Litigation Reform Act. In addition, in an August 11, 1992 Order and Restraining Order in *Maisano v. Lewis*, CV 92-1026-PHX-SMM (MS), the Court concluded that "[i]t has become obvious from the nature of the Plaintiff's complaints and his lack of good faith that he simply desires to burden the judicial system with complaints, without regard for their merit or final disposition" and enjoined Plaintiff from filing any civil action in this or any other federal court without first obtaining leave of the court. *See* August 11, 1992 Order and Restraining Order in *Maisano v. Lewis*, CV 92-1026-PHX-SMM (MS).[1]

---

[1] Plaintiff appealed the final judgment in CV 92-1026-PHX-SMM (MS) to the Ninth Circuit Court of Appeals. On March 17, 1993, the Court lodged a certified copy of the Ninth Circuit's mandate dismissing the appeal.

Unfortunately, the 1992 Restraining Order proved to be insufficient to quell Plaintiff's assault on the federal courts. In a January 29, 2014 Order to Show Cause in *Maisano v. Clark*, CV 14-0001-TUC-RCC (D. Ariz. 2014), Chief United States District Court Judge Raner C. Collins examined Plaintiff's voluminous filings and concluded, based on the number and nature of Plaintiff's filings, that Plaintiff's conduct was manifestly abusive and harassing and that the 1992 Restraining Order had proven insufficient to restrain Plaintiff's abuse of the courts. The Court concluded that more stringent measures were required, proposed an additional abusive-litigant injunction, and gave Plaintiff an opportunity to show cause in writing why such an injunction should not be imposed.

After Plaintiff responded to the Order to Show Cause, Chief Judge Collins issued a February 20, 2014 Injunction Order that enjoined Plaintiff from filing or lodging more than one *in forma pauperis* lawsuit per month in this Court, refused to accept any transfers pursuant to 28 U.S.C. § 1406(a) of cases filed by Plaintiff in other Districts, and reiterated and supplemented the requirements of the 1992 Restraining Order.[2] In addition, the 2014 Injunction Order enjoined Plaintiff from filing any civil action in this or any other federal court without first obtaining leave of the court.

## II.   Removal

On April 2, 2014, Plaintiff filed a Complaint in the Superior Court of the State of Arizona in and for the County of Maricopa, against Defendant Maricopa County. On June 18, 2014, Defendant Maricopa County filed a Notice of Removal and removed the lawsuit to this Court.

A State court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). In his April 2, 2014 Complaint, Plaintiff alleges, among other things, a

---

[2] In an April 8, 2014 Order, the Ninth Circuit Court of Appeals reviewed Plaintiff's Notice of Appeal of the Injunction Order and Plaintiff's accompanying documents, concluded that "the appeal is so insubstantial as to not warrant further review," and did not permit the appeal to proceed. *See* Doc. 8 in CV 14-0001-TUC-RCC.

1 violation of his due process rights and refers extensively to 42 U.S.C. § 1983. This
2 Court's jurisdiction extends to such claims. 28 U.S.C. §§ 1331, 1343(a). Defendant
3 timely removed. Accordingly, removal is appropriate.

### III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

1  342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less
2  stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*
3  *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

4  If the Court determines that a pleading could be cured by the allegation of other
5  facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
6  of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).
7  Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to
8  amend because the defects cannot be corrected.

9  **IV.     Plaintiff's Complaint**

10  In his Complaint, Plaintiff alleges that there was a "taking" of his home in the
11  Maricopa County Superior Court by a Maricopa County Superior Court Judge.
12  Specifically, Plaintiff asserts that "[v]ia a non-d[ivor]ce action[,] a Judge for Maricopa
13  County took said home and sold it below market value[.] Said funds were given to
14  Norma Maisano[,] forcing the Plaintiff to move to Pinal County[,] which was crime[-
15  ]ridden and it came to be the Plaintiff was tossed into prison where he was found to be
16  S.M.I. Note[:] said home was paid for with Federal Workers Comp Monies." Plaintiff
17  asserts that his home was illegally sold, he was illegally removed from his home, he was
18  denied due process, there was a taking of his federal workman's compensation monies,
19  Maricopa County failed to diagnose his mental illness, and he was injured because he
20  was forced to move to Pinal County. Plaintiff seeks monetary damages ranging from 3 to
21  20 million dollars.

22  **V.     Failure to State a Claim**

23  Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,
24  520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey*
25  *v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a
26  liberal interpretation of a civil rights complaint may not supply essential elements of the
27  claim that were not initially pled. *Id*.

28  . . . .

First, a municipality may not be sued under § 1983 solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).[3] But even if it could, Defendant Maricopa County is an improper party because a judge of the Maricopa County Superior Court is a state employee, not a county employee. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment."); *see also Lucas v. Ariz. Sup. Ct. Fiduciary Certification Program,* 457 Fed. Appx. 689, 690 (9th Cir. 2011) ("The Arizona Supreme Court . . . is an 'arm of the state' for Eleventh Amendment purposes."). *Cf. Massengill v. Super. Ct. in and for Maricopa Cnty.*, 416 P.2d 1009, 1012 (Ariz. Ct. App. 1966) ("There is but one Superior Court in the State of Arizona." (citing Ariz. Const. art. 6, § 1)).

Second, even if Plaintiff had sued the judge who allegedly ordered the sale of Plaintiff's home, Plaintiff's claim is barred by judicial immunity. Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*,

---

[3] To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to an official policy or custom of the municipality. *Cortez v. County of Los Angeles,* 294 F.3d 1186, 1188 (9th Cir. 2002) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006). Plaintiff does not allege that Defendant Maricopa County maintains an official policy or custom related to Plaintiff's alleged injury.

386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Because Plaintiff has failed to state a claim upon which relief can be granted and any amendment would be futile, the Court will dismiss his Complaint and this action with prejudice.

**IT IS ORDERED:**

(1) Plaintiff's Complaint (attached to Doc. 1) is **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A(b), and the Clerk of Court must enter judgment accordingly and close this case.

(2) **The Clerk of Court must accept no further documents for filing in this case number, other than those in furtherance of an appeal**.

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 5th day of September, 2014.

_____
Stephen M. McNamee
Senior United States District Judge